IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JEFFERY SCOTT LEWIS, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:09-CV-1720-K-BF |
| | ) | |
| KENNETH MOORE, ET AL., | ) | |
| Defendants. | ) | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

**I. Parties**

Plaintiff filed this suit pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding *pro se*, and the Court has granted him permission to proceed *in forma pauperis*. Defendants are detective Kenneth Moore of the Terrell Police Department, Murphy USA Company ("Murphy USA") and Murphy USA employee Toby Hernandez.

**II. Background**

Plaintiff argues Defendants violated his civil rights by arresting him for aggravated robbery.

On October 29, 2007, Defendant Hernandez was working at Murphy USA when a man entered the store and committed a robbery. Defendant Hernandez alerted the Terrell Police Department of the robbery. Defendant Moore was assigned to investigate the case.

Plaintiff states that on December 6, 2007, Detective Moore submitted a sworn affidavit to

**Findings and Conclusions of the**
**United States Magistrate Judge**       Page -1-

obtain an arrest warrant. In his affidavit, Detective Moore stated that Defendant Hernandez told him the robbery suspect was "a black male around 5'7" and he weighed about 250 to 300 pounds." Hernandez further stated that the suspect had "distinctive markings under both eyes" that he referred to as "freckles" and that the suspect had a "baby face." Detective Moore's affidavit stated that Defendant Hernandez had received information that a man named Jeff Lewis was talking about having committed the robbery. In response, Defendant Moore stated that he knew a man named Jeffery Scott Lewis. Detective Moore's affidavit stated that he reviewed Plaintiff's booking photograph, and noticed distinctive markings under Plaintiff's eyes. Detective Moore then prepared a photo line-up, presented it to Defendant Hernandez, and Defendant Hernandez identified Plaintiff as the robbery suspect.

As a result of Detective Moore's affidavit, an arrest warrant was issued for Plaintiff and Plaintiff was arrested and charged with aggravated robbery. Plaintiff was incarcerated for eleven months before the charges were dismissed.

Plaintiff asserts that Detective Moore knowingly made false statements to obtain the arrest warrant. He claims Detective Moore's statements that Plaintiff had freckles under his eyes and a baby face was false. He states Defendant Hernandez lied when he picked Plaintiff's photo from a photo spread. He claims Defendant Murphy USA is liable because Hernandez was its employee and it is liable for its employee's actions. He seeks money damages.

### III. Discussion

Plaintiff's complaint is subject to preliminary screening under 28 U.S.C. § 1915A. That section provides in pertinent part:

The court shall review . . . as soon as practicable after docketing, a complaint in a civil

> action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from suit.

28 U.S.C. § 1915A(a) and (b); *see also* 28 U.S.C. § 1915(e)(2)(B) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal–(I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from suit.").

Both § 1915A(b) and § 1915(e)(2)(B) provide for *sua sponte* dismissal if the Court finds that the complaint is frivolous or fails to state a claim upon which relief may be granted. A complaint is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

**A.     Defendants Murphy USA and Hernandez**

Plaintiff claims Defendants Hernandez and Murphy USA violated his civil rights under 42 U.S.C. § 1983. Under the language of the statute, § 1983 only applies to a "person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia" deprives another of the "rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C.A. § 1983. Thus, the threshold inquiry in assessing a § 1983 claim "is whether there was any intentional involvement of a state actor." *Yeager v. City of McGregor*, 980 F.2d 337, 339 (5th Cir. 1993). Plaintiff has not shown that either Hernandez or

Murphy USA are state actors.

Plaintiff, however, does claim that Detective Moore and Hernandez conspired to violate his civil rights. Although private individuals are generally not considered state actors for § 1983 purposes, *Luger v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 941 (1982), a non-state actor can be treated as acting under color of state law if he was a willful participant in a conspiracy. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970). To establish willful participation, Plaintiff must demonstrate "1) an agreement between the private and public defendants to commit an illegal act and 2) an actual deprivation of constitutional rights." *Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir. 1994) (citations omitted). Further, Plaintiff cannot merely make conclusory allegations of a conspiracy. *Brinkmann v. Johnston*, 793 F.2d 111, 113 (5th Cir. 1986). To establish a *prima facie* conspiracy case Plaintiff "must plead the operative facts upon which their claim is based" and must plead factual allegations from which a conspiracy can reasonably be inferred. *Lynch v. Cannatella*, 810 F.2d 1363, 1369-70 (5th Cir. 1987). Plaintiff must also "allege specific facts to show an agreement." *Priester v. Lowndes County*, 354 F.3d 414, 421 (5th Cir. 2004).

In this case, Plaintiff alleges only that Hernandez picked him out of a photo spread. Plaintiff fails to allege facts regarding any agreement between Hernandez and Detective Moore to violate his civil rights. In fact, it was Hernandez who described the robber as having freckles under his eyes and a baby face, which Plaintiff states does not describe him. Plaintiff's conspiracy claims amount to mere conclusory allegations and "mere conclusory allegations of conspiracy cannot, absent reference to material facts, survive . . . ." *Arsenaux v. Roberts*, 726 F.2d 1022, 1024 (5th Cir. 1982).

Additionally, Plaintiff seeks to sue Murphy USA under the theory of respondeat superior.

A corporation, however, cannot be subject to § 1983 liability merely because it employed a tortfeasor. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 392 (1989); *Rosborough v. Mgmt and Training Corp.*, 350 F.3d 459, 461 (5th Cir. 2003). Plaintiff's claims against Murphy USA should be dismissed.

**B. Defendant Kenneth Moore**

Plaintiff claims that Detective Moore knowingly made false statements to obtain an arrest warrant for Plaintiff. He claims Detective Moore knew that his affidavit statements claiming that Plaintiff matched the description of the robber because he had freckles under his eyes and a baby face was false. Taking these allegations as true and resolving all disputed facts in Plaintiff's favor, the Court cannot at this point say the claims are frivolous. The Court thus finds that Plaintiff's claims against Defendant Moore should proceed and process should be issued as to this Defendant.

**RECOMMENDATION**

The Court recommends that: (1) Plaintiff's claims against Defendant Moore should proceed and process should be issued as to this Defendant; and (2) Plaintiff's remaining claims should be dismissed with prejudice as frivolous.

Signed this 28th day of October, 2010.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).