IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JEFFREY SCOTT LEWIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. |
| v. | § | |
| | § | 3:09-CV-1720-K |
| KENNETH MOORE, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

The standing order automatically referring fee-paid pro se civil actions, N.D. Tex. Special Order 3-251, issued March 8, 2006, is hereby **VACATED** as it relates to this case.

Before the Court is Defendant Kenneth Moore's Rule 7(a) Motion and Rule 12(b)(6) Motion (Doc. No 19). Plaintiff Jeffrey Scott Lewis did not file a response to Mr. Moore's motion. The Court has reviewed the motion, the pleadings on file, and the applicable law. Both Defendant's Rule 7(a) motion and his Rule 12(b)(6) motion to dismiss are **GRANTED.**

I.   **Background**

Defendant Kenneth Moore was working as a police officer for the City of Terrell, Texas in January 2008. Officer Moore was investigating an aggravated robbery of a Murphy USA service station in Terrell that had occurred in October 2007, a few months

before. The store clerk who had been working during the robbery gave a statement to Officer Moore describing the suspect. The suspect did not wear a mask or otherwise obscure his face during the robbery. Officer Moore recorded a description of the suspect's height and weight, distinctive markings on his face, and what the clerk described as a "baby face."

Officer Moore presented a photograph of Mr. Lewis to the store clerk in a photo line-up. The store clerk identified Mr. Lewis as the suspect. Mr. Lewis was arrested for aggravated robbery but was not prosecuted by the Kaufman County district attorney's office. Mr. Lewis contends Officer Moore filed an affidavit containing false information in order to obtain the warrant for Mr. Lewis' arrest. Officer Moore argues probable cause existed to sign an affidavit to obtain an arrest warrant, based on his training and experience.

Mr. Lewis filed this lawsuit on August 5, 2009, alleging violations of his civil rights and asserting various Texas state law claims, including abuse of process and malicious prosecution. Officer Moore filed this motion to dismiss and motion for 7(a) reply on December 15, 2010. In the motions, Officer Moore is seeking orders that require Mr. Lewis to respond to Officer Moore's defense of qualified immunity and to dismiss Mr. Lewis' Texas state law claims.

II.     Legal Standards

   A.    Rule 7(a) Reply

A district court's decision to order a Rule 7(a) reply when a defendant raises a defense of qualified immunity is reviewed for an abuse of discretion. *See Reyes v. Sazan*, 168 F.3d 158, 161 (5th Cir. 1999). "[A] court's discretion not to order a reply is very narrow, however, when greater detail might assist." *Morin v. Caire*, 77 F.3d 116, 121 (5th Cir. 1996) (citing *Schultea v. Wood*, 47 F.3d 1427 (5th Cir. 1995)(en banc)). A 7(a) reply is appropriate when a "plaintiff has not supported his claim with sufficient precision and specificity to raise genuine issue as to the illegality of [the] defendant's conduct. . . ." *Reyes*, 168 F.3d at 161.

   B.    Rule 12(b)(6)

In reviewing a Rule 12(b)(6) motion, which tests the legal sufficiency of the claims stated in the complaint, a court must look solely at the pleadings themselves. *Jackson v. Procunier*, 789 F.2d 307, 309–10 (5th Cir. 1986). In looking at whether the complaint states a valid claim upon which relief can be granted, the court must view all facts in a light most favorable to the plaintiff and resolve any doubts in favor of the plaintiff. *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). The court must assume the truth of all pleaded facts and liberally construe the complaint in favor of the plaintiff. *Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002). To survive a 12(b)(6) motion, a plaintiff must not make mere conclusory allegations, but must plead

specific facts. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). Although Rule 12(b)(6) dismissal is ordinarily determined by whether the facts alleged in the complaint give rise to a cause of action, a claim may also be dismissed if a successful affirmative defense appears clearly on the face of the pleadings. *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986).

### III. Analysis

#### A. Officer Moore's qualified immunity defense

Officer Moore moves this Court to order Mr. Lewis to file a reply to Officer Moore's assertion of qualified immunity. A reply to a defendant's answer, though infrequently granted in general, is useful in cases where accusations against government officials are supported by sparse details. *Reyes*, 168 F.3d at 161. A reply in those situations requires a plaintiff to specifically respond to a defendant's assertion of a defense of qualified immunity. *Id*.

A qualified immunity defense protects government officials from civil damages so long as their "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 194 (5th Cir. 2009). Once a qualified immunity defense is raised, the burden

shifts to the plaintiff to demonstrate the defense does not apply. *Atteberry v. Nocona Gen. Hosp.*, 430 F.3d 245, 253 (5th Cir. 2005). A plaintiff must plead that (1) the defendant committed a constitutional violation under current law and (2) the defendant's actions were objectively unreasonable in light of the law that was clearly established at the time of the actions complained of. *Id*.

Officer Moore has raised a qualified immunity defense in his answer and has pleaded detailed facts concerning the conduct of which Mr. Lewis complains. Officer Moore provides explanations for his initial interest in Mr. Lewis as a suspect in Officer Moore's investigation and the reasons why Officer Moore sought an arrest warrant for Mr. Lewis. While the accusations by Mr. Lewis concerning Officer Moore's actions are very specific, they are at odds with Officer Moore's response and do not directly address how Officer Moore's actions were objectively unreasonable in light of clearly established law. This Court determines it would be helpful for the resolution of Officer Moore's qualified immunity defense for Mr. Lewis to file a reply as permitted by Rule 7(a).

### B.  Mr. Lewis' state law claims

Mr. Lewis also asserts Texas state law claims for civil conspiracy, abuse of process, and malicious prosecution. This Court has supplemental jurisdiction over these claims because they "form part of the same case or controversy" as Mr. Lewis' civil rights claim. 28 U.S.C. § 1367(a) (2011); *Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008) (federal courts may exercise jurisdiction over state law claims if they arise from the same

"common nucleus of operative fact" as claims over which the federal court has original jurisdiction). Because these claims arise under Texas substantive law, this Court will apply Texas law to resolve them. *Bott v. J.F. Shea Co, Inc.*, 388 F.3d 530, 533 n.3 (5th Cir. 2004) (citing *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938)).

Section 101.106(f) of the Texas Civil Practices & Remedies Code requires a court to dismiss a suit if the suit is brought against a government employee based on conduct within the general scope of the employee's employment and the suit could have been brought against the governmental unit. *Huntsville Indep. School Dist. v. Briggs*, 262 S.W.3d 390, 393 (Tex. App.—Waco 2008, pet. denied). If the suit is brought against the employee is his official capacity, meaning the employee was acting within the scope of his employment, the suit shall be dismissed and the governmental entity substituted as defendant. *Id*. Here, all of Mr. Lewis' state law claims arise out of Officer Moore's actions during his investigation, all of which is conduct within the scope of Officer Moore's employment. Therefore, Mr. Lewis' state law claims against Officer Moore shall be dismissed pursuant to Texas state law. *See* Tex. Civ. Prac. & Rem. Code Ann. 101.106(f) (Vernon 2005).

IV.     **Conclusion**

Because Officer Moore has demonstrated a reply from Mr. Lewis would assist the Court in resolving Officer Moore's qualified immunity defense, Officer Moore's request for a Rule 7(a) reply is **GRANTED**. Mr. Lewis is **ORDERED** to file a reply articulating

how Officer Moore's actions were objectively unreasonable in light of clearly established law. Officer Moore's motion to dismiss Mr. Lewis' state law claims of civil conspiracy, abuse of process, and malicious prosecution is **GRANTED** and those claims against Officer Moore are **DISMISSED with prejudice**.

**SO ORDERED.**

Signed March 24th, 2011.

_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE