IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JEFFERY SCOTT LEWIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. |
| v. | § | |
| | § | 3:09-CV-1720-K |
| KENNETH MOORE, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Officer Kenneth Moore's Renewed Rule 12(b)(6) Motion (Doc. No. 26). The Court has considered Officer Moore's motion and the applicable law. Plaintiff Jeffery Scott Lewis did not file a response. Because Mr. Lewis has failed to sufficiently plead his § 1983 claim to overcome Officer Moore's assertion of qualified immunity, the motion is **GRANTED** and Mr. Lewis' remaining claim is **DISMISSED with prejudice**. Judgment will be entered in a separate document. FED. R. CIV. P. 58(a).

I.      Background

Officer Moore was working as a police officer for the City of Terrell, Texas in December 2007 when he began investigating an aggravated robbery of a Murphy USA service station in October 2007, a few months before. The store clerk who had been working during the robbery gave a statement to Officer Moore describing the suspect,

stating that the suspect did not wear a mask or otherwise obscure his face during the robbery. Officer Moore recorded a description of the suspect's height and weight, distinctive markings on his face, and what the clerk described as a "baby face."

Officer Moore, acting on information provided by informants, identified Mr. Lewis as a suspect in the robbery. When Officer Moore presented a photograph of Mr. Lewis to the store clerk in a photo line-up, the clerk identified Mr. Lewis. Officer Moore submitted an affidavit in support of a warrant application for Mr. Lewis on December 6, 2007, identifying the informant and the store clerk's identification of Mr. Lewis' photo as grounds for probable cause to arrest Mr. Lewis. Mr. Lewis was arrested for aggravated robbery on January 14, 2008, but was not prosecuted by the Kaufman County district attorney's office. Tests on the fingerprints and DNA evidence recovered from the robbery getaway car, completed after Mr. Lewis was arrested, could not conclusively implicate or exonerate Mr. Lewis.

After the Kaufman County district attorney's office failed to prosecute him for the robbery, Mr. Lewis filed this lawsuit on August 5, 2009, alleging violations of his civil rights and asserting various Texas state law claims, including abuse of process and malicious prosecution. This Court dismissed all of the Texas state law claims asserted by Mr. Lewis on March 24, 2011, leaving only Mr. Lewis' § 1983 claim for violations of his Fourth Amendment rights. Officer Moore filed his second motion to dismiss on May 3, 2011. In this motion, Officer Moore argues Mr. Lewis' claim should be

dismissed for failure to overcome Officer Moore's qualified immunity defense. Mr. Lewis contends Officer Moore filed an affidavit containing false information in order to obtain the warrant for Mr. Lewis' arrest and pursued an investigation against him on improper grounds. Officer Moore argues probable cause existed to sign an affidavit to obtain an arrest warrant, based on his training and experience.

## II.     Legal standard for a motion to dismiss

In reviewing a Rule 12(b)(6) motion, which tests the legal sufficiency of the claims stated in the complaint, a court must look solely at the pleadings themselves. *Jackson v. Procunier*, 789 F.2d 307, 309 (5th Cir. 1986). In looking at whether the complaint states a valid claim upon which relief can be granted, the court must view all facts in a light most favorable to the plaintiff and resolve any doubts in favor of the plaintiff. *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997).

To survive a 12(b)(6) motion, a plaintiff must not make mere conclusory allegations, but must plead specific facts. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

### III. Analysis

Mr. Lewis has filed a § 1983 claim against Officer Moore for violations of his Fourth Amendment rights, specifically that Mr. Lewis was falsely arrested. Section 1983 allows a citizen to bring suit against anyone who, under color of law, deprives him of any rights, privileges, or immunities secured by the Constitution and laws of the United States. 42 U.S.C. § 1983 (2006). A false arrest claim requires a plaintiff to prove that he was arrested without probable cause. *Moore v. McDonald*, 30 F.3d 616, 620 n.2 (5th Cir. 1994).

In response, Officer Moore has asserted a qualified immunity defense. Qualified immunity protects "government officials acting within their discretionary authority from liability when their conduct does not violate clearly established statutory or constitutional law of which a reasonable person would have known." *Wallace v. County of Comal*, 400 F.3d 284, 289 (5th Cir. 2005) (citation omitted). When the defense of qualified immunity is raised, the plaintiff must assert facts at the pleading stage which, if proved, would defeat a claim of immunity. *Brown v. Glossip*, 878 F.2d 871, 874 (5th Cir. 1989). This means the plaintiff must demonstrate that "on an objective basis, it is obvious no reasonably competent officer would have concluded that a warrant should issue." *Streetman v. Jordan*, 918 F.2d 555, 556 (5th Cir. 1990) (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)). Once a defendant has raised a qualified immunity defense, the burden shifts to the plaintiff to show the government actor's conduct clearly violated

established law. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

Officer Moore has raised a qualified immunity defense. *See* Doc. No. 22 at ¶ 11. In his answer, Officer Moore pleads the following facts in support: (1) during his investigation, Officer Moore spoke to informants that indicated Mr. Lewis had committed the robbery because he was behind on his child support payments, *id*.; (2) Mr. Lewis was known to Officer Moore as an individual who had committed offenses in the past, *id*.; (3) a photo of Mr. Lewis from a previous arrest matched the description of the suspect given by the convenience store clerk, *id*.; and (4) Mr. Lewis' photo was selected out of a photo line-up by the clerk, *id*.

It is Mr. Lewis' burden, once a qualified immunity defense is raised, to plead facts which show a government actor clearly violated established law. *Brumfield*, 551 F.3d at 326. Mr. Lewis has not filed a response to Officer Moore's motion to dismiss. Therefore, the only sources from which this Court may draw factual assertions are Mr. Lewis' original complaint (Doc. No. 1) and his Rule 7(a) reply (Doc. No. 26). In his complaint and reply, Mr. Lewis makes the following assertions: (1) Officer Moore lied about the existence of freckles under Mr. Lewis' eyes in the affidavit he submitted in support of the warrant application, Doc. No. 1 at 15; (2) Officer Moore lied about the existence of the booking photo of Mr. Lewis shown to the convenience store clerk during the photo line-up, *id*.; (3) Officer Moore was acting on Mr. Lewis' background, and not evidence of the aggravated robbery, when he arrested Mr. Lewis, Doc. No. 26 at ¶ 2; and

(4) Officer Moore knew Mr. Lewis was on parole and that an arrest would affect Mr. Lewis' release status, *id*. at ¶ 3.

Initially, this Court finds that probable cause existed to arrest Mr. Lewis based on Officer Moore's affidavit: informants identified Mr. Lewis as a possible suspect in the robbery, Mr. Lewis matched the description given by the store clerk, and the clerk picked Mr. Lewis' photo out of a line-up. *See McBride v. Crime Stoppers*, 41 F.3d 661, *4 (5th Cir. 1994) (probable cause existed where anonymous third party identified plaintiff as the robber, plaintiff matched general physical description of suspect, and complainant identified plaintiff's photo). Mr. Lewis has not shown it was obvious no reasonably competent officer would have concluded that a warrant should issue. *Streetman*, 918 F.2d at 556.

Second, Mr. Lewis' objections do not eliminate the existence of that probable cause. Mr. Lewis' first two concerns are without merit; Officer Moore submitted the photo shown to the convenience store clerk with his original answer. *See* Doc. No. 20, Exh. 1. The Court is satisfied that the photo exists and is consistent with Officer Moore's description in his affidavit. *See id*. As to Mr. Lewis' third objection, the Court notes that a suspect's criminal record is a valid consideration when determining probable cause. *United States v. Farese*, 612 F.2d 1376, 1379 n.5 (5th Cir. 1980) (citing *United States v. Harris*, 403 U.S. 573, 589 (1971)). Finally, Mr. Lewis has pleaded no facts suggesting Officer Moore focused his investigation on Mr. Lewis to negatively affect Mr.

Lewis' parole status.

IV.  Conclusion

Because Mr. Lewis has failed to plead facts which overcome Officer Moore's defense of qualified immunity, Officer Moore's motion is **GRANTED** and Mr. Lewis' § 1983 claim for false arrest is **DISMISSED with prejudice**.  With no claims remaining, judgment in this action will be entered in a separate document.  FED. R. CIV. P. 58(a).

**SO ORDERED.**

Signed June 3rd, 2011.

_Ed Kinkeade_
ED KINKEADE
UNITED STATES DISTRICT JUDGE